UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

HOWARD COHAN,

    Plaintiff,

v.                               Civil Action No.

HARRY ROBERT FAMILY L.L.C. ,

    Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his complaint for declaratory and injunctive relief to remedy discrimination by Harry Robert Family L.L.C. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

### PARTIES

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a limited liability company with its registered office located at 725 East Cornerview St, Gonzales, LA 70737.

5.      Upon information and belief, defendant owns or operates Holiday Inn Express whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion (shoulder), a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb.

8.      Plaintiff's condition is degenerative and impairs his mobility and range of motion requiring the occasional use mobility aids.

9.      Plaintiff travels to the Baton Rouge metropolitan area multiple times per year and has plans to return to the Baton Rouge area in March.

10.     At the time of Plaintiff's initial visit to the Facility (and prior to instituting this action), Plaintiff suffered from a qualified disability under 28 C.F.R. 36.104.

11.     Plaintiff was denied full and equal access and enjoyment of the services, goods and amenities due to barriers present at the Facility and a failure of Defendant to make reasonable accommodations.

12.     Plaintiff would return to the Facility in March as a customer if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities,

but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

13. Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA and the civil rights of disabled individuals.

14. Plaintiff returns to each Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA.

15. Plaintiff returned to the area in early December and would have stayed at the Facility, but he was deterred from returning due to the discriminatory conditions at the Facility.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

16. Plaintiff incorporates the above paragraphs by reference.

17. This Court is empowered to issue a declaratory judgment regarding: (1) defendant's violation of 42 U.S.C. § 12182; (2) defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) defendant's duty to remove architectural barriers at the Facility; and (4) plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

18. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

19. Plaintiff incorporates the above paragraphs by reference.

20. Holiday Inn Express is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

21.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

22.     Plaintiff personally encountered architectural barriers on May 8, 2018, at the Facility located at 2806 Louisiana 30 W, Gonzales, LA 70737:

- a. Passenger Drop Off:
    - i. Failing to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3.
- b. Unisex Restroom (Left Side of Lobby):
    - i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.
    - ii. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.
- c. Unisex Restroom (Right side of Lobby):
    - i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

      ii.      Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

      iii.     Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

d.    Pool:

      i.      Failing to provide a means of entry at the pool as required for persons with a disability such as a pool lift chair, sloped entry, transfer wall or transfer platform in violation of 2010 ADAAG §§242, 242.1, 242.2 and 1009.

e.    Pool Restroom (Left):

      i.      Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

      ii.     Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

      iii.     Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

      iv.     Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1 306.3, 606 and 606.2.

    f.    Pool Restroom (Right):

        i.    Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

        ii.    Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

        iii.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

        iv.    Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    g.    Breakfast Area:

        i.    Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

23. Plaintiff is unable to use elements of the Facility because of these barriers due to concerns for safety.

24. Defendant has failed to remove some or all of the barriers and violations at the Facility.

25. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

26.   Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

27.   Defendant has discriminated and continues to discriminate against plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint.

28.   It would be readily achievable for defendant to remove all of the barriers at the Facility.

29.   Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

30.   WHEREFORE, plaintiff respectfully requests that this Court:

31.   Declare that the Facility identified in this Complaint is in violation of the ADA;

32.   Declare that the Facility identified in this Complaint is in violation of the ADAAG;

33.   Enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

34.   Enter an order enjoining Defendant from allowing the architectural barriers to recur after remediation;

35.   Enter an Order directing Defendant to evaluate and modify its policies, practices, and procedures towards persons with disabilities;

36. Award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

37. Grant any other such relief as the Court deems just and proper.

Respectfully submitted this 2nd day of February, 2019

*/s/ Keren E. Gesund, Esq.*

Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA 70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff